IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID SIZEMORE,

        Plaintiff,

v.                               CIVIL ACTION NO. 5:02-1439

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's motion for reconsideration and remand filed August 9, 2004 [Docket 21]. Judgment in favor of the defendant was entered on July 20, 2004. Although the plaintiff does not refer to a specific Rule of Civil Procedure in his motion, Rule 59(e), which addresses motions to alter or amend judgment, is applicable. A motion to alter or amend the judgment, however, must be filed "within ten days of the entry of judgment." Fed. R. Civ. P. 59. Accordingly, the plaintiff's motion for reconsideration and remand is untimely under Rule 59(e).

Nevertheless, a motion for reconsideration will be evaluated under Rule 60(b) when it is filed more than ten days after the judgment. *Small v. Hunt*, 98 F. 3d. 789, 797 (4th Cir. 1996). Rule 60(b) allows a party to obtain relief from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60. The remedy provided by Rule 60(b), however, "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir.1979). When making a motion under Rule 60(b), the party moving for relief "must clearly establish the grounds therefor to the satisfaction of the district court," *Virgin Islands Nat'l Bank v. Tyson,* 506 F.2d 802, 804 (3d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975), and such grounds "must be clearly substantiated by adequate proof." *Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d 136, 139 (10th Cir.1966).

Here, the plaintiff does not shape his motion to the specific grounds listed in Rule 60(b). Instead, the plaintiff asks the court to reconsider its decision and remand this matter on the bare assertion that "the finding by an ALJ that the plaintiff is disabled only one day after the date of his initial denial is new and material evidence warranting a remand." Pl.'s Mot. for Recons. and Remand. The court notes that the plaintiff indicates that the ALJ decision is attached as an exhibit to his motion, but in fact it is not attached to the motion filed with the Clerk. *Id.* Nevertheless, it is clear that the plaintiff is referring to an ALJ decision entered on October 24, 2003. Accordingly, this evidence was available to the plaintiff well before the magistrate judge submitted his proposed findings and recommendation on July 1, 2004 and before this court entered judgment on July 21, 2004. The motion does not set forth any other grounds for granting the motion. In light of the burden of proof on the movant under Rule 60(b), the plaintiff's motion for reconsideration and remand is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this written Order and opinion to counsel of record and any unrepresented party.

ENTER: May 20, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE